**Affirmed and Memorandum Opinion filed November 26, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00049-CR

**RONALD MATHIS JUNIOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1492146**

## MEMORANDUM OPINION

Appellant Ronald Mathis Junior appeals his conviction for continuous sexual abuse of a child. In six issues we have reorganized, appellant argues the trial court erred in (1) denying his request to poll the jury; (2) denying his motion for mistrial; (3) refusing to grant his request for a hearing on his motion for new trial; (4) admitting testimony from Priscilla Willman ("Willman") during the guilt phase of trial about an outcry of sexual abuse against appellant by the complainant's brother; (5) finding irrelevant the testimony regarding the outcome of the charges

filed against appellant based on the brother's allegations; and (6) refusing to admit defense exhibit six, a screenshot of the complainant's TikTok account, to impeach the complainant. We affirm.

## I. BACKGROUND

In 2016, appellant was indicted for the continuous sexual assault of his daughter, S.M., that was alleged to have occurred when S.M. was younger than fourteen years of age. The indictment alleged that appellant committed aggravated assault of S.M. on or about July 11, 2011, and also on or about July 11, 2015. Appellant pleaded not guilty and proceeded to trial.

Before trial began, the trial court held a hearing to determine (1) the admissibility of Willman's testimony concerning an outcry of sexual abuse made to her by D.M., S.M.'s half-brother, accusing appellant of sexual abuse; and (2) the admissibility of D.M.'s testimony concerning his allegations that appellant sexually abused him. D.M. and his mother, Willman, testified at the hearing. The trial court found that the outcry testimony was admissible over appellant's objection that the outcry-witness exception to hearsay is inapplicable to outcry-witness testimony about an extraneous offense. The trial court also found that D.M.'s testimony was admissible.

At trial, the jury heard testimony from D.M., Willman, S.M., S.M.'s mother Rebecca Minyard ("Minyard"), and appellant, as well as professionals from the medical, law enforcement, and social services fields. Willman testified concerning D.M.'s outcry that he was sexually abused by appellant, and D.M. testified regarding those allegations.

S.M. testified concerning multiple instances when she was sexually abused by appellant. During cross-examination of S.M., defense counsel asked S.M.

2

whether she liked to make videos on her TikTok account "and try looks and different dances." S.M. answered "Not really. I don't – I'm not able to move normally, so I don't dance." Defense counsel approached S.M. and showed her appellant's unadmitted exhibit six, which was a screenshot of S.M.'s TikTok account in which she appears to be dancing. S.M. then asked the court for a break, and the trial court excused the jury from the courtroom. The trial court subsequently noted on the record that, without the jury present, "the complainant stepped off the witness stand, she went running all the way to the door and she was visibly shaken, visibly upset. She was screaming and the Court could hear her crying from the bench and she was outside and the doors were closed."

Defense counsel asked for a mistrial based on S.M.'s reaction, which the trial court denied. The next day, defense counsel requested to have the jury polled to determine whether they heard S.M.'s screams, arguing that if the jury heard the screams it would be extremely prejudicial to appellant. The trial court denied the request. Appellant then requested a mistrial based on the trial court's denial to poll the jury, which the trial court denied. The trial court also refused to admit appellant's exhibit six into evidence.

The jury found appellant guilty and assessed punishment at thirty-five years' imprisonment. Appellant filed a motion for new trial and requested an evidentiary hearing on the motion, arguing that (1) the trial court erred in refusing his request to poll the jury, and (2) if the jury heard the screams, then appellant is entitled to a new trial pursuant to Texas Rule of Appellate Procedure 21.3. The trial court denied appellant's motion without holding a hearing. This appeal followed.

## II. JURY POLL

In his first issue, appellant argues the trial court abused its discretion when it denied his request to poll the jury about whether they heard S.M.'s screams.

**A.    STANDARD OF REVIEW & APPLICABLE LAW**

We review the trial court's denial of a request to poll the jury for an abuse of discretion. *See Mays v. State*, 318 S.W.3d 368, 378–79 (Tex. Crim. App. 2010). A trial court abuses its discretion if its ruling was so clearly wrong as to be outside the zone of reasonable disagreement. *See Inthalangsy v. State*, 634 S.W.3d 749, 754 (Tex. Crim. App. 2021).

A criminal defendant enjoys the right to be tried by impartial, indifferent jurors whose verdict must be based upon evidence developed at trial. *Howard v. State*, 941 S.W.2d 102, 117 (Tex. Crim. App. 1996). When an appellant claims reversible error based on some external influence on the jury, he "must show either actual or inherent prejudice." *Id.* A showing of actual prejudice is made when jurors actually articulate a consciousness of prejudicial effect. *Id.*

**B.    ANALYSIS**

At trial, S.M. testified that she suffered from serious medical ailments as a child. S.M. testified that, although those conditions had since been resolved, she was still impacted in her ability to live life like a normal teenager.

During S.M.'s cross-examination, the following exchanged occurred:

| | |
|---|---|
| [Defense counsel]: | And do you like to make videos on your TikTok account and try looks and different dances? |
| [S.M.]: | Not really. I don't – I'm not able to move normally, so I don't dance. |
| [Defense counsel]: | Okay. Judge, may I approach the witness? |
| [Trial Court]: | Yes. |
| [Defense counsel]: | [S.M.], I'm showing you -- this witness what has been marked as Defense Exhibit 6. [S.M.], who is in this picture? |

| | |
|---|---|
| [S.M.]: | That is me. |
| [Defense counsel]: | And is this a screenshot of something? |
| [S.M.]: | Yes. |
| [Defense counsel]: | Who is this a screenshot of? |
| [S.M.]: | That's me. |
| [S.M.]: | Can I take a break? |
| [Trial Court]: | Yes, we'll take a break. All rise for the jury, please. |

After the jury retired from the courtroom to the jury room, S.M. left the witness stand and ran out of the courtroom crying and screaming at a volume that allowed the trial court to hear her even after she exited the courtroom and was behind closed doors.

Appellant then requested that the trial court poll the jury as to whether they heard S.M.'s screams. Appellant argued to the trial court that the jury room is right next to the courtroom, that "[y]ou can hear between the walls," and that one of the witnesses that had been outside of the courtroom but in the courthouse heard S.M. screaming before she ran out of the courtroom. The trial court denied appellant's request to poll the jury.

Here, the jury was quickly retired to the jury room before S.M. ran out of the courtroom screaming. Thus, the jury did not witness S.M's emotional exit from the courtroom or know who screamed or why someone screamed. The trial court had also instructed the jury during voir dire and at the beginning of trial that "all the evidence you will be receiving will be from the jury box or whatever pieces of evidence are entered into evidence." *See Simon v. State*, 374 S.W.3d 550, 552 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (providing that we presume the jury followed the trial court's instructions to the jury to "base the verdict on evidence" and to "not consider, discuss, or relate any matters that were not in

5

evidence"). Under these circumstances, the trial court could either deny the defendant's request to poll they jury about whether they heard the screams or it could poll the jury and risk emphasizing the outburst and exposing the jury to a conclusion that the screams came from S.M. By refusing to poll the jury about the screams, the trial court did its best to preserve the integrity of the jury panel. *See id.* at 553 ("In doing so, the trial court foreclosed the risk that, by allowing the requested inquiry, the court would expose the jury to the very information appellant believed to be prejudicial to his case.").

We conclude that the trial court's refusal to poll the jury was not so clearly wrong as to be outside the zone of reasonable disagreement. *See Inthalangsy*, 634 S.W.3d at 754. Therefore, we conclude that the trial court did not abuse its discretion when it denied appellant's request to poll the jury. *See Mays*, 318 S.W.3d at 377–78; *Powell v. State*, 898 S.W.2d 821, 828 (Tex. Crim. App. 1994); *see also Simon*, 374 S.W.3d at 553 ("Given the lack of any evidence relating to the specific contents or nature of the news story in question, the trial court's specific admonishments to the jury not to consider matters not in evidence in reaching its verdict, and the legal presumption that the jury followed the trial court's instructions, we can hardly conclude the trial court abused its discretion in balancing the risk of possible prejudice from media coverage against the need to preserve the integrity of the jury.").

We overrule appellant's first issue.

### III.   MOTION FOR MISTRIAL

In his second issue, appellant argues the trial court erred when it denied his motion for a mistrial because "there is a reasonable probability that S.M.'s screams impermissibly affected the jury's verdict."

6

**A. STANDARD OF REVIEW & APPLICABLE LAW**

"We review a trial court's denial of a mistrial for an abuse of discretion." *Balderas v. State*, 517 S.W.3d 756, 783 (Tex. Crim. App. 2016). "We review the evidence in the light most favorable to the trial court's ruling and consider only those arguments before the court at the time of the ruling." *Turner*, 570 S.W.3d at 268.

A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Young v. State*, 283 S.W.3d 854, 878 (Tex. Crim. App. 2009); *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004); *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). A trial court may properly exercise its discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error. *Ladd*, 3 S.W.3d at 567. "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Hawkins*, 135 S.W.3d at 77.

The determination of whether an error necessitates a mistrial must be made by examining the facts of each case. *Ladd*, 3 S.W.3d at 567. Generally, an instruction to disregard will be sufficient to cure any prejudicial effect and ensure that the jury remains impartial. *See Alfaro v. State*, 224 S.W.3d 426, 430–31 (Tex. App.—Houston [1st Dist.] 2006, no pet.). If an instruction to disregard would not have ensured an impartial jury based on the nature of the prejudice impacting the defendant, then a motion for mistrial is sufficient to preserve error. *Id.*

**B. ANALYSIS**

Subsequent to S.M.'s outburst, appellant requested a mistrial, but did not ask

for a jury instruction from the court for the jury to disregard any screams they may have heard.

We note that courts have found similar or more extreme outbursts to be curable with an instruction to disregard. *See Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009) (concluding murder defendant was not entitled to mistrial based on outburst by victim's family member shouting "You did this for 200 dollars?" during prosecution witness's testimony where trial court instructed jury to disregard); *Brown v. State*, 92 S.W.3d 655, 661 (Tex. App.—Dallas 2002) (concluding murder victim's father's outburst of "sobbing" and stating "Give my son justice, please" during his testimony in murder trial was cured by trial court's instruction to disregard), *aff''d on other grounds*, 122 S.W.3d 794 (Tex. Crim. App. 2003); *see also Coble v. State*, 330 S.W.3d 253, 290–93 (Tex. Crim. App. 2010) (concluding mistrial was not necessary where trial court instructed jury to disregard two punishment witnesses' emotional outbursts of crying and expletives); *Miles v. State*, No. 06-21-00120-CR, 2022 WL 837961, at *1–2 (Tex. App.—Texarkana Mar. 22, 2022, no pet.) (mem. op., not designated for publication) (concluding no abuse of discretion in denying mistrial based on outburst of loud "wailing" in courtroom by murder victim's mother when graphic photographs were shown where trial court instructed jury to disregard). Here, there is nothing in the record indicating that an instruction to disregard would have been insufficient, nor does appellant advance any argument addressing why such an instruction by would have been insufficient to cure any impropriety. As noted, the jury was not present in the courtroom when it allegedly heard the screams and did not know who screamed or why someone screamed. Because mistrial is an extreme remedy, and because an instruction to disregard would have sufficed to cure any prejudice, we cannot conclude that the trial court abused its discretion when it

denied appellant's motion for mistrial based on the possibility that the jury heard S.M.'s emotional outburst. *See Gamboa*, 296 S.W.3d at 580 ("Instructions to the jury are generally considered sufficient to cure improprieties that occur during trial."). Appellant advances no argument on addressing why an instruction by the trial court would have been insufficient to cure any prejudice, and there is nothing in the to suggest that S.M.'s outburst while the jury was retired from the courtroom was so prejudicial that it could not have been cured by an instruction to disregard. Therefore, we conclude that the trial court did not abuse its discretion in denying appellant's motion for mistrial. *See Alfaro*, 224 S.W.3d at 433.

Appellant argues in his reply brief that requesting an instruction to disregard "risked exposing the jurors to screaming if they had not previously heard it . . . ." Even if this were the case, we would presume that the jury would then follow the trial court's instructions to disregard. *See id.* ("[W]e generally presume that a jury will follow the judge's instructions."); *Simon*, 374 S.W.3d at 552 (providing that we presume the jury followed the trial court's instructions to the jury to "base the verdict on evidence" and to "not consider, discuss, or relate any matters that were not in evidence"). Therefore, we reject this argument.

We overrule appellant's second issue.

### IV. MOTION FOR NEW TRIAL

In his third issue, appellant argues the trial court erred when it denied his request for a hearing on his motion for new trial. Appellant argues that he must be granted a new trial pursuant to Texas Rules of Appellate Procedure 21.3 because S.M.'s screams occurred while the jury was retired from the courtroom in the deliberations room, and the jury potentially heard the screams and were influenced by them.

9

**A. STANDARD OF REVIEW & APPLICABLE LAW**

We review the trial court's denial of a hearing on a motion for new trial for an abuse of discretion. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). "The defendant must be granted a new trial . . . when, after retiring to deliberate, the jury has received other evidence." Tex. R. App. P. 21.3.

**B. ANALYSIS**

Appellant filed a motion for new trial arguing that (1) the trial court erred in refusing his request to poll the jury; and (2) if the jury heard the screams, then appellant is entitled to a new trial pursuant to Texas Rule of Appellate Procedure 21.3. Appellant argued that he was entitled to a new trial because Rule 21.3 provides that "[t]he defendant must be granted a new trial" "when, after retiring to deliberate, the jury has received other evidence . . . ." Tex. R. App. P. 21.3. Appellant also requested that the trial court hold a hearing to receive testimony from the jurors to determine if the screams played an impermissible role in the jury's deliberations.

On appeal, appellant argues the trial court erred in failing to hold a hearing to determine whether the jurors heard S.M.'s screams, asserting that if they did, then it affected their deliberations. Appellant asserts this would entitle him to a new trial under Texas Rule of Appellate Procedure 21.3.

Contrary to appellant's argument, Rule 21.3 is inapplicable because it applies "when, *after retiring to deliberate*, the jury has received other evidence . . . ." Tex. R. App. P. 21.3 (emphasis added). Here, the jury had not retired to deliberate. It is undisputed that the jury had been excused from the courtroom at the time the screams occurred but was waiting to return to the courtroom to hear further evidence. *See McQuarrie v. State*, 380 S.W.3d 145, 156

(Tex. Crim. App. 2012) (stating that the deliberation process begins after the close of evidence, the charge has been read, and the jury retires to weigh the evidence and arrive at a verdict). We conclude that the trial court did not abuse its discretion when it did not hold a hearing on appellant's motion for new trial and when it denied appellant's motion for new trial.

We overrule appellant's third issue.

## V.    EVIDENTIARY RULINGS

In his fourth issue, appellant argues the trial court erred when it allowed Willman to testify during the guilt phase of trial as to D.M.'s outcry of an extraneous act of sexual abuse by appellant. In his fifth issue, appellant argues the trial court erred when it excluded testimony that the criminal charges filed against him based on D.M.'s allegation of sexual abuse were dismissed. In his sixth issue, appellant argues the trial court erred in refusing to admit impeachment evidence of S.M. dancing. We address these issues together.

### A.    STANDARD OF REVIEW

We review a trial court's evidentiary rulings for an abuse of discretion. *See Inthalangsy*, 634 S.W.3d at 754. A trial court abuses its discretion if its ruling was so clearly wrong as to be outside the zone of reasonable disagreement. *See id.*

### B.    TESTIMONY OF D.M.'S OUTCRY

#### 1.    Applicable Law

Texas Code of Criminal Procedure article 38.072, the outcry statute, creates a hearsay exception for a child's first outcry of sexual abuse to an adult. *Bays v. State*, 396 S.W.3d 580, 581  (Tex. Crim. App. 2013); *see* Tex. Code Crim. Proc. Ann. art. 38.072. The exception does not apply to a crime, wrong, or act other than the alleged offense unless the statements are being offered during the punishment

11

phase of a proceeding. *See* Tex. Code Crim. Proc. Ann. art. 38.072, § 2(a)(1).

The essential requirement to preserve complaints for appellate review is a timely, specific request that the trial court refuses. *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004) (citing Tex. R. App. P. 33.1(a)). Furthermore, a defendant is required to object each time inadmissible evidence is offered to preserve error unless the defendant obtains a running objection. *See Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991).

## 2. Analysis

Here, the trial court conducted a hearing before trial, and appellant objected to Willman's testimony about D.M.'s outcry because the outcry witness exception applies only to the crime charged against the defendant in the indictment. The trial court overruled the objection, and appellant did not request a running objection.

During Willman's testimony, appellant renewed his objection when the State asked Willman what D.M. told her in his outcry of sexual abuse. The trial court again overruled appellant's objection. The State then asked Willman a series of questions without objection, eliciting testimony that D.M. had said that "Daddy put his pee-pee in his butt." Because appellant did not obtain a running objection, and because the complained-of evidence was admitted without objection, we conclude that appellant failed to preserve this argument for our review. *See Rogers v. State*, 853 S.W.2d 29, 35 (Tex. Crim. App. 1993) ("The general rule is that error regarding improperly admitted evidence is waived if that same evidence is brought in later by the defendant or by the State without objection."); *Lewis v. State*, 693 S.W.3d 453, 467–68 (Tex. App.—Houston [14th Dist.] 2023, pet. ref'd) ("[T]he improper admission of evidence is not reversible error if the same or similar evidence is admitted without objection at another point in the trial."); *Luu v. State,* 440 S.W.3d 123, 127 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (providing

that party must object every time inadmissible evidence is offered or request running objection and that any error in admission of evidence is cured when evidence comes in without objection).

Appellant further argues in his brief that Willman "testified about a second purported outcry from [D.M.] to her about an alleged second act of abuse." However, appellant relies on testimony he himself elicited. During cross-examination of Willman, defense counsel asked whether D.M. had made the outcry to her in the car or at home on the couch. Defense counsel then questioned Willman about a recorded interview she had given to police in which Willman stated that D.M. told her of the abuse when they were sitting on the couch.

Contrary to appellant's argument, Willman did not testify concerning two separate instances of sexual abuse but rather two discussions between Willman and D.M. concerning appellant's sexual abuse of D.M. Furthermore, it was appellant who elicited the testimony that D.M. and Willman discussed his outcry of sexual abuse in two locations. Thus, we reject this argument. *See Webb v. State*, 760 S.W.2d 263, 269 (Tex. Crim. App. 1988) ("Though obviously [the defendant] elicited this testimony in an effort to convince the jury it should give Cantu's *in court* identification no weight, he cannot be heard to complain specifically of admission of that evidence now" when "it was [the defendant] himself who first elicited the testimony at trial as to the identification procedure he now challenges"); *Ingham v. State*, 676 S.W.2d 503, 507 (Tex. Crim. App. 1984) ("Appellant cannot complain of testimony that he first elicited on cross-examination.").

We overrule appellant's fourth issue.

13

**C.** **OUTCOME OF TEXAS INVESTIGATION INTO D.M.'S ALLEGATIONS**

**1.** **Applicable Law**

"An extraneous offense is any act of misconduct, whether resulting in prosecution or not, which is not shown in the charging instrument and which was shown to have been committed by the accused." *Martinez v. State*, 190 S.W.3d 254, 262 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (internal quotations omitted). Generally, Texas Rule of Evidence 404(b) prohibits the admission of extraneous offense evidence to prove a person's character or to show that the person acted in conformity with that character. *See* Tex. R. Evid. 404(b). However, when a defendant is being prosecuted for the offense of continued sexual abuse of a young child, evidence that the defendant has committed other sexual offenses against a child "may be admitted . . . for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." Tex. Code Crim. Proc. Ann. art. 38.37, § 2; *see also Jeansonne v. State*, 624 S.W.3d 78, 94–95 (Tex. App.—Houston [1st Dist.] 2021, no pet.) ("Essentially, article 38.37 is an evidentiary rule applicable to certain types of sexual abuse cases . . . that supersedes the application of Texas Rule of Evidence 404(b), and makes admissible certain extraneous offense evidence that Rule 404(b) does not."); *Belcher v. State*, 474 S.W.3d 840, 844 (Tex. App.—Tyler 2015, no pet.) (stating that article 38.37, § 2(b) allows admission of evidence that defendant had previously committed certain sexual offenses against non-victims of charged offense).

Before evidence of an extraneous offense committed against a person other than the complainant may be admitted under Texas Code of Criminal Procedure article 38.37, the trial court must conduct a hearing outside the presence of the jury and determine whether "the evidence likely to be admitted at trial will be adequate

14

to support a finding by the jury that the defendant committed the [extraneous] offense beyond a reasonable doubt." Tex. Code Crim. Proc. Ann. art. 38.37, § 2-a; *Castillo v. State*, 573 S.W.3d 869, 880 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd); *see also Romano v. State*, 612 S.W.3d 151, 159 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd) ("'Adequate' under section 2-a means legally sufficient."). The evidence may consist solely of another child's testimony about the extraneous offense committed by the defendant. *Castillo*, 573 S.W.3d at 880.

Irrelevant evidence is inadmissible. Tex. R. Evid. 402. Evidence is relevant if (1) it has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action. Tex. R. Evid. 401. "A 'fact of consequence' includes either an elemental fact or an evidentiary fact from which an elemental fact can be inferred." *Henley v. State*, 493 S.W.3d 77, 84 (Tex. Crim. App. 2016). "An evidentiary fact that stands wholly unconnected to an elemental fact, however, is not a fact of consequence." *Id.*

### 2. Analysis

Here, the trial court found that D.M.'s testimony concerning his allegation that appellant sexually abused him was admissible pursuant to article 38.37. During trial, appellant sought to elicit testimony concerning the outcome of the investigations into D.M.'s sexual abuse allegations, but the State objected on the basis of relevance and the trial court excluded the evidence.

The State argues that appellant failed to preserve this issue because he did not make an offer of proof. Appellant argues that he preserved this issue because he made the trial court aware, during the pre-trial hearing on the admissibility of the testimony, that he sought to present evidence that the charges against appellant for the sexual abuse of D.M. were dismissed. Appellant argues that the claims were dismissed because there was insufficient evidence that D.M. was sexually

assaulted in Harris County, not that D.M. was not sexually assaulted by appellant.

Assuming, without deciding, that appellant preserved this issue, we nevertheless conclude that the trial court did not abuse its discretion in excluding the testimony. Whether the allegations by D.M. were dismissed is a fact that has no consequence in determining the action. *See* Tex. Code Crim. Proc. Ann. art. 38.37, § 2 (providing that testimony like D.M.'s may be admitted "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant"). Furthermore, contrary to appellant's argument, the dismissal of the charges in Texas against appellant because the State of Texas believed that the sexual abuse had instead occurred in Arkansas is irrelevant because it was not an adjudication of appellant's guilt or innocence as to those allegations. *See Lopez v. State*, 18 S.W.3d 220, 225–26 (Tex. Crim. App. 2000) ("This could simply indicate a lack of evidence to prove the allegation at that time, or an administrative decision that, despite the allegation's validity, the parties would best be served by closing the case."); *Castillo v. State*, 573 S.W.3d 869, 880 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd) ("The dismissal of the indecency charge was not an adjudication of Castillo's guilt or innocence as to that offense and therefore is not equivalent to an acquittal.").

We conclude the trial court did not abuse its discretion when it excluded the complained-of testimony and overrule appellant's fifth issue.

## C.    TikTok Video

In his sixth issue, appellant argues the trial court erred in refusing to admit evidence of S.M. dancing that was intended to impeach her.

The State elicited testimony from S.M. concerning her hobbies, and S.M.

testified "I like to cook and I like to sing and I like to play video games." Then, during cross examination by appellant, the following occurred:

| | |
|---|---|
| [Defense counsel]: | Do you -- you talked about your hobbies and you said you liked to watch scary movies? |
| [S.M.]: | Yes. |
| [Defense counsel]: | Do you also like to be on social media? |
| [S.M.]: | Yes. |
| [Defense counsel]: | Do you have a Facebook account? |
| [State]: | Your Honor, again I object to relevance. |
| [Defense counsel]: | Judge, this is relevant as to this witness' testifying -- |
| [Trial Court]: | I'll give you some leeway as far as her hobbies and everything else to give context the same way the questioning that the State asked. So at this time it is overruled. |
| [Defense counsel]: | Do you have a TikTok account? |
| [S.M.]: | Yes. |
| [Defense counsel]: | And do you like to make videos on your TikTok account and try looks and different dances? |
| [S.M.]: | Not really. I don't – I'm not able to move normally, so I don't dance. |
| [Defense counsel]: | Okay. Judge, may I approach the witness? |
| [Trial Court]: | Yes. |
| [Defense counsel]: | [S.M.], I'm showing you -- this witness what has been marked as Defense Exhibit 6. [S.M.], who is in this picture? |
| [S.M.]: | That is me. |
| [Defense counsel]: | And is this a screenshot of something? |
| [S.M.]: | Yes. |
| [Defense counsel]: | Who is this a screenshot of? |

[S.M.]: That's me.

As the record shows, appellant sought to impeach S.M.'s truthfulness by asking her whether she liked to make dancing videos and then impeaching her with a specific instance of conduct that showed her dancing on her TikTok account. However, we conclude that the trial court did not abuse its discretion in excluding defendant's exhibit six for the following reasons.

First, whether S.M. could dance was a collateral matter that was not addressed by the State in its direct examination of S.M. *See Gutierrez v. State*, 764 S.W.2d 796, 798 (Tex. Crim. App. 1989) (providing that a matter is collateral if it could not be shown in evidence for any purpose other than contradiction). Furthermore, "[w]hen a witness is cross-examined on a collateral matter, the cross-examining party may not contradict the witness' answer." *Shipman v. State*, 604 S.W.2d 182, 183 (Tex. Crim. App. 1980); *see Gutierrez*, 764 S.W.2d at 798 ("It is improper to utilize extrinsic evidence to impeach a witness on collateral matters."). Finally, Texas Rule of Evidence 608(b) prevents the admission of the complained-of exhibit under these circumstances. *See* Tex. R. Civ. P. 608(b) ("Except for a criminal conviction under Rule 609, a party may not inquire into or offer extrinsic evidence to prove specific instances of the witness's conduct in order to attack or support the witness's character for truthfulness."); *see also Gonzales v. State*, 929 S.W.2d 546, 549 (Tex. App.—Austin 1996, pet. ref'd). ("The rules of evidence grant a party greater latitude to prove a witness's bias than to prove a witness's untruthful character. For the purpose of impeaching his credibility, a witness's character may be attacked by opinion or reputation evidence and by proof of certain criminal convictions. Other than conviction of a crime, a witness's character for truthfulness may not be impeached by proof of specific instances of conduct."). For these reasons, we conclude that the trial court did not abuse its

discretion when it excluded the screenshot of S.M.'s TikTok account.

We overrule appellant's sixth issue.

## VI. CONCLUSION

Having overruled all of appellant's issues on appeal, we affirm the trial court's judgment.


/s/    Margaret "Meg" Poissant
Justice


Panel consists of Justices Jewell, Zimmerer, and Poissant.

Do Not Publish — TEX. R. APP. P. 47.2(b).

19