

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00005-CR

Santos **BARRON-VILLARREAL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. 23-CRS-24
Honorable Jose Luis Garza, Judge Presiding

Opinion by:  Lori I. Valenzuela, Justice

Sitting:  Lori I. Valenzuela, Justice
Adrian A. Spears II, Justice
Velia J. Meza, Justice

Delivered and Filed: July 9, 2025

AFFIRMED

In three issues, appellant Santos Barron-Villarreal challenges his conviction for continuous

sexual abuse of a young child. We affirm the trial court's judgment.

## BACKGROUND

In 2022, a Starr County grand jury indicted Barron-Villarreal on two counts of continuous sexual abuse of his twin granddaughters, M.A.B. and A.A.B.[1] The first count of the indictment alleged that Barron-Villarreal, "during a period that was 30 or more days in duration, namely from on or about the 24th day of February, 2017 through the 13th day of February, 2022, when [Barron-Villarreal] was 17 years of age or older,[2] commit[ted] two or more acts of sexual abuse against A.A.B., a child younger than 14 years of age, namely Aggravated Sexual Assault and Indecency with a Child by Contact[.]" *See* TEX. PENAL CODE § 21.02 (defining continuous sexual abuse of a young child); *id.* § 22.021 (defining aggravated sexual assault); *id.* § 21.11 (defining indecency with a child). The second count of the indictment repeated those allegations but identified the complainant as M.A.B. The twins were almost 10 years old when they first reported the abuse and 11 years old at the time of trial.

In 2023, Barron-Villarreal was indicted in a separate cause on one count of continuous sexual abuse of a third granddaughter, A.V. This second indictment alleged that Barron-Villarreal, "during a period that was 30 or more days in duration, namely from on or about the 29th day of May, 2011 through the 29th day of May, 2014, when [Barron-Villarreal] was 17 years of age or older, commit[ted] two or more acts of sexual abuse against A.V., a child younger than 14 years of age, namely two acts of Aggravated Sexual Assault of a Child.[.]" A.V. was 13 years old when she first reported the abuse in 2011 and 25 years old at the time of trial.[3]

---

[1] In this opinion, we will use initials to refer to some parties to protect their privacy. *See* TEX. R. APP. P. 9.10 (defining "sensitive data" in a criminal case to include, *inter alia*, "the name of any person who was a minor at the time the offense was committed").

[2] It is undisputed that Barron-Villarreal was over the age of 17 at all times relevant to this case.

[3] The record shows that A.V.'s allegations of abuse were investigated in 2011, but it does not show why Barron-Villarreal was not charged with a crime at that time.

The two cases were eventually consolidated and tried together. After hearing the evidence, the jury found Barron-Villarreal guilty as charged in all three indictments and recommended that he be sentenced to life in prison and a $10,000 fine for each offense.

On December 13, 2023, the trial court signed three judgments of conviction that were consistent with the jury's verdicts. Barron-Villarreal now appeals. In this opinion, we address only the conviction for continuous sexual abuse of A.V.[4]

## ANALYSIS

### *Legal Sufficiency*

In his first issue, Barron-Villarreal argues the evidence presented at trial was legally insufficient to support a conviction for continuous sexual abuse of A.V.

#### *Standard of Review and Applicable Law*

We review a challenge to the sufficiency of the evidence under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013). We examine all the evidence in the light most favorable to the verdict and resolve all reasonable inferences in favor of the verdict to determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Nowlin v. State*, 473 S.W.3d 312, 317 (Tex. Crim. App. 2015). We do not ignore any evidence "because the standard requires a reviewing court to view *all* of the evidence in the light most favorable to the verdict." *Cary v. State*, 507 S.W.3d 750, 759 n.8 (Tex. Crim. App. 2016). "An appellate court cannot act as a thirteenth juror and make its own assessment of the evidence." *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018). Rather, "[a] court's role on appeal is restricted to guarding against the rare occurrence when the factfinder does not act rationally." *Id*. "The jury can

---

[4] Barron-Villarreal's challenge to his convictions for abusing M.A.B. and A.A.B. is currently before this court in cause number 04-24-00004-CR and will be addressed in a separate opinion.

choose to believe all, some, or none of the testimony presented by the parties." *Baez v. State*, 486 S.W.3d 592, 594 (Tex. App.—San Antonio 2015, pet. ref'd).

"The offense of continuous sexual abuse of a child has five elements: (1) a person (2) who is seventeen or older (3) commits a series of two or more acts of sexual abuse (4) during a period of thirty or more days, and (5) each time the victim is younger than fourteen." *Hines v. State*, 551 S.W.3d 771, 781–82 (Tex. App.—Fort Worth 2017, no pet.) (citing TEX. PENAL CODE § 21.02(b)). The underlying act of sexual abuse alleged in the indictment at issue here was aggravated sexual assault of a child. *See Franklin v. State*, 193 S.W.3d 616, 620 (Tex. App.—Fort Worth 2006, no pet.) (when applicable statute defines alternative manner and means of committing offense and indictment alleges only one of those methods, the State bears the burden to prove that specific allegation at trial). A person commits aggravated sexual assault if, *inter alia*, he intentionally or knowingly "causes the penetration of the anus or sexual organ of a child by any means" or "causes the sexual organ of a child to contact . . . the mouth, anus, or sexual organ of another person, including the actor" and "the victim is younger than 14 years of age[.]" TEX. PENAL CODE § 22.021(a).

*Application*

1.      Nature of the offense

Barron-Villarreal contends that in her initial outcry, A.V. reported only "'a touching of her breast over the clothing' and not sexual abuse." He argues that A.V. "never alleged sexual abuse as defined under the Texas Penal Code § 21.02, Continuous Sexual Abuse of a Young Child." This appears to be an argument that the State presented evidence of indecency with a child but failed to prove aggravated sexual assault. *See id.* § 21.11(a)(1) (a person commits indecency with a child if, *inter alia*, he "engages in sexual contact with the child or causes the child to engage in sexual

contact"). Barron-Villarreal further argues that the State did not establish that A.V. was under the age of 14 when Barron-Villarreal abused her.

These assertions misrepresent the record. A.V. testified at trial that she was born in 1998 and first reported the abuse at a church event in 2011, when she was 13 years old. She testified that when she was 12 and 13 years old, Barron-Villarreal would wait for the rest of the family to go to sleep and then would "rub his hands on [A.V.'s] legs inside [her] pajamas, and he would start playing with [her] vaginal area with his fingers." She specified that he inserted his fingers into her vagina on multiple occasions and put his mouth on her vagina at least twice. This testimony would permit a rational jury to find beyond a reasonable doubt that when A.V. was under the age of 14, Barron-Villarreal intentionally or knowingly penetrated her sexual organ "by any means" and/or caused her sexual organ to contact his mouth. *See id.* § 22.021(a). As a result, this evidence was legally sufficient to support a finding that Barron-Villarreal was guilty of aggravated sexual assault. *See Nowlin*, 473 S.W.3d at 317.

It is true that the evidence showed that from her November 2011 outcry until at least 2016, A.V. reported only that Barron-Villarreal "had touched her boobs and her butt over her clothes[.]" Barron-Villarreal used his cross-examination of the State's witnesses to emphasize this point at trial. A.V. explained, however, that when she first reported the abuse, she did not tell anyone the full extent of what Barron-Villarreal had done to her because she was embarrassed and ashamed. She testified that at that time, she "thought that just by saying that he would touch [her] things would just end" and she would not have to "let everything out."[5] To the extent that A.V.'s trial testimony conflicted with the details of her earlier statements, the jury had the sole authority to resolve that conflict. *See* TEX. CODE CRIM. PROC. art. 38.04; *Wells v. State*, 319 S.W.3d 82, 92

---

[5] The record shows A.V. was correct on this point—she testified the abuse stopped after her initial outcry because her parents believed her and made efforts to keep Barron-Villarreal away from her.

(Tex. App.—San Antonio 2010, pet. ref'd). Furthermore, the jury was free to believe A.V.'s explanation for her earlier failure to fully describe the abuse. *See Corporon v. State*, 586 S.W.3d 550, 561 (Tex. App.—Austin 2019, no pet.). We see nothing in the record to support a conclusion that the jury behaved irrationally by crediting A.V.'s trial testimony.

2.      Duration of the offense

Barron-Villarreal also contends, "A.V.'s testimony was too 'vague' to satisfy the duration element of the offense because she initially used the time that she was taking catechism classes when she made the outcry on or about November 14, 2011 . . . and [reported] that [the abuse] had happened a year ago when she was 12." We understand this to be an argument that even if the State proved the indicted underlying offense of aggravated sexual assault, it did not prove those assaults happened enough times or over a long enough span of time to support a conviction for continuous sexual abuse of a young child. *See* TEX. PENAL CODE § 21.02(b).

Again, however, this argument is not supported by the record. A.V. testified that Barron-Villarreal penetrated her vagina with his fingers more than ten times between May and August of 2011 and at least once every month in June, July, and August of that year. "This period of continuous abuse was clearly more than thirty days in duration." *Perez v. State*, 689 S.W.3d 369, 378 (Tex. App.—Corpus Christi–Edinburg 2024, no pet.). A.V.'s testimony on this point would permit a rational jury to find beyond a reasonable doubt that Barron-Villarreal committed two or more acts of aggravated sexual assault against her when she was under the age of 14 and that more than 30 days elapsed between the first and last acts of sexual abuse. *See id.* The evidence was therefore legally sufficient to support a finding that Barron-Villarreal was guilty of continuous sexual abuse of a young child as charged in the indictment. *See* TEX. PENAL CODE § 21.02(b); *Nowlin*, 473 S.W.3d at 317.

For the foregoing reasons, we overrule Barron-Villarreal's first issue.

### *Charge Error*

In his second issue, Barron-Villarreal argues he was egregiously harmed by errors in the court's charge. Specifically, he argues the wording of the charge allowed the jury to convict him of continuous sexual abuse of a young child for conduct that: (1) occurred after A.V.'s fourteenth birthday; and (2) did not rise to the level of aggravated sexual assault.

*Standard of Review and Applicable Law*

"The purpose of the trial judge's jury charge is to instruct the jurors on all of the law that is applicable to the case." *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012). "Because the charge is the instrument by which the jury convicts, [it] must contain an accurate statement of the law and must set out all the essential elements of the offense." *Id.* (internal quotation marks omitted, alteration in original).

In criminal cases, we apply a two-step analysis to claims of charge error. *See Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). We must first determine whether the charge contains error. *Id.*; *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). A charge is erroneous if, *inter alia*, it "incorrectly applies the pertinent penal law to the facts of a given case[.]" *Cortez*, 469 S.W.3d at 598. If the charge does not contain error, "our analysis ends." *Johnson v. State*, 676 S.W.3d 918, 925 (Tex. App.—Houston [14th Dist.] 2023, no pet.).

If we find error, we then turn to whether the appellant was harmed. *Ngo*, 175 S.W.3d at 743. Where, as here, the appellant did not object to the purported error at trial, we will not reverse the trial court's judgment "unless the record shows 'egregious harm' to the defendant." *Id.* at 743–44.

*Application*

1.      "On or about" dates listed in the charge

Barron-Villarreal first contends that the "on or about" dates listed in the charge's instructions and application paragraph included periods of time that fell after A.V.'s fourteenth birthday. He argues he was egregiously harmed by this purported error because the applicable statute does not permit conviction for continuous sexual abuse of a young child if the victim is over the age of 14.

"It is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997). We have previously recognized that the legislature intended for the offense of continuous sexual abuse of a young child "to address sexual assaults against young children who are normally unable to identify the exact dates of the offenses when there are ongoing acts of sexual abuse." *Baez*, 486 S.W.3d at 595 (internal quotation marks omitted). Accordingly, a trial court does not err by "instruct[ing] the jurors that in a prosecution for continuous sexual abuse of a young child, the State is not bound to prove the exact dates alleged in the indictment." *Martin v. State*, 335 S.W.3d 867, 874 (Tex. App.—Austin 2011, pet. ref'd).

Here, the indictment identified the "on or about" date of the offense as "the 29th day of May, 2011 through the 29th day of May, 2014[.]" The application paragraph of the court's charge repeated that date range. The charge also instructed the jury that the "on or about" dates alleged in the indictment did "not bind the State to any one particular date but may include any day from September 1, 2007 until January 25, 2023, the day the indictment was filed."

Because A.V. turned 14 in May of 2012, Barron-Villarreal is correct that the "on or about" dates listed in the indictment and the charge included dates beyond the reach of the continuous

sexual abuse statute. Nevertheless, his argument on this point is untenable because it asks us to consider those date ranges in isolation instead of considering the charge as a whole. *See Vasquez*, 389 S.W.3d at 366. Here, the longest date range Barron-Villarreal challenges—the charge's instruction that the on or about date "may include any day from September 1, 2007 until January 25, 2023"—begins on the effective date of the statute that codified the relevant offense and ends on the date the indictment was filed in this case. *See Moreno v. State*, 619 S.W.3d 754, 759 n.1 (Tex. App.—San Antonio 2020, no pet.). Accordingly, that language instructed the jury that it could not consider any conduct that occurred before the statute took effect or after Barron-Villarreal was indicted. Barron-Villarreal cites no authority holding that such an instruction injects error into a court's charge, and we have found none.

Furthermore, while the challenged date ranges included a period of time after A.V.'s fourteenth birthday, other portions of the charge instructed the jury that it could not convict Barron-Villarreal unless it found beyond a reasonable doubt that he committed at least two acts of aggravated sexual assault against A.V. when she was "younger than 14 years of age[.]" In the absence of evidence to the contrary, we must presume the jury followed that instruction. *See, e.g.*, *Simon v. State*, 374 S.W.3d 550, 552 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).

When read as a whole, the charge instructed the jury to consider only acts that occurred during a time when: (1) the applicable statute was in effect; (2) Barron-Villarreal had been indicted under that statute; and (3) A.V. was young enough to fall within the statute's reach. These time limitations correctly applied the pertinent penal law to the facts of this case. *See* TEX. PENAL CODE § 21.02(b); *Baez*, 486 S.W.3d at 599. Accordingly, the date ranges listed in the charge were not erroneous, and we overrule Barron-Villarreal's claims to the contrary.

2.      Underlying offense allegations in the charge

Barron-Villarreal also appears to argue the charge was erroneous because it permitted the jury to convict him of continuous sexual abuse based on a finding of indecency with a child rather than the theory of aggravated sexual assault that was alleged in the indictment. We disagree. Although the charge defined the offense of indecency with a child,[6] it instructed the jury that it could not find Barron-Villarreal guilty of continuous sexual abuse of a young child unless it found beyond a reasonable doubt that he had committed two or more acts of aggravated sexual assault against A.V. As noted above, we must presume the jury followed that instruction. *Simon*, 374 S.W.3d at 552.

To the extent that Barron-Villarreal argues the evidence did not support the submission of the continuous sexual abuse charge under a theory of aggravated sexual assault, we again disagree. As explained in our discussion of Barron-Villarreal's first issue, A.V.'s trial testimony was legally sufficient to support a finding that Barron-Villarreal was guilty as charged in the indictment. Although Barron-Villarreal's brief identifies some evidence that was contrary to A.V.'s testimony, the trial court did not err by submitting a manner and means theory that was alleged in the indictment and supported by legally sufficient evidence. TEX. CODE CRIM. PROC. art. 36.14 (charge must set forth "the law applicable to the case"); *Hathorn v. State*, 848 S.W.2d 101, 113 (Tex. Crim. App. 1992) (holding trial court properly charged jury on two ways of committing offense when both methods were supported by the indictment and the evidence).

After reviewing the charge as a whole, we conclude it contains no error. Consequently, we need not address Barron-Villarreal's claim of egregious harm. *See Baez*, 486 S.W.3d at 599. We overrule Barron-Villarreal's second issue.

---

[6] Without objection from Barron-Villarreal, the trial court submitted a lesser included offense of indecency with a child by contact. Because the jury found Barron-Villarreal guilty of continuous sexual abuse, it did not answer any questions regarding lesser included offenses.

***Admission of Outcry Witness Testimony***

In his third issue, Barron-Villarreal argues the trial court erred by admitting the testimony of an outcry witness, Natalia Garza.

*Standard of Review and Applicable Law*

An outcry witness is the first adult, other than the defendant, to whom a child relays specific details of having been the victim of certain crimes, including sexual crimes. TEX. CODE CRIM. PROC. art. 38.072; *Rodriguez v. State*, 689 S.W.3d 386, 392 (Tex. App.—Corpus Christi–Edinburg 2024, pet. ref'd). A proper outcry witness may testify about a child victim's out-of-court description of a sexual offense committed against the child, even though such testimony would ordinarily be inadmissible hearsay. *See Bays v. State*, 396 S.W.3d 580, 585–86 (Tex. Crim. App. 2013) (listing cases).

The erroneous admission of hearsay evidence, including outcry witness testimony, is non-constitutional error subject to harm analysis under Texas Rule of Appellate Procedure 44.2(b). TEX. R. APP. P. 44.2; *see, e.g.*, *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004); *Nino v. State*, 223 S.W.3d 749, 754 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Under this standard, we may not reverse a conviction unless we conclude the error had "a substantial and injurious effect or influence in determining the jury's verdict." *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008). "We should not overturn the conviction if we have fair assurance from an examination of the record as a whole that the error did not influence the jury, or had but slight effect." *Id.*

*Application*

For the purposes of this analysis, we need not determine whether the trial court erred by permitting Garza to testify as an outcry witness. The admission of improper hearsay evidence is

harmless if the same or similar evidence is offered elsewhere without objection. *See, e.g.*, *Mayes v. State*, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991); *Eggert v. State*, 395 S.W.3d 240, 244 (Tex. App.—San Antonio 2012, no pet.). Garza testified that A.V. told her she had been sexually abused by her grandfather, and A.V. herself offered the same testimony. Additionally, A.V.'s mother, M.H.V.—who is Barron-Villarreal's daughter—testified without objection that A.V. told her "that she had been touched" by Barron-Villarreal.

Because A.V. testified to acts of aggravated sexual assault that were not supported by Garza's or M.H.V.'s description of A.V.'s initial outcry, her testimony was not identical to Garza's. However, A.V. explained that discrepancy to the jury, as explained above. The jury was free to credit that explanation, and we may not substitute our own assessment of the evidence in the jury's place. *See* TEX. CODE CRIM. PROC. art. 38.04; *Nisbett*, 552 S.W.3d at 262; *Wells*, 319 S.W.3d at 92. After reviewing the record as a whole, we cannot say that any error in admitting Garza's outcry testimony had a substantial or injurious effect on the jury's verdict. *Taylor*, 268 S.W.3d at 592; *Nino*, 223 S.W.3d at 754.

We overrule Barron-Villarreal's third issue.

### CONCLUSION

Having overruled all of Barron-Villarreal's appellate issues, we affirm the trial court's judgment of conviction.

Lori I. Valenzuela, Justice

DO NOT PUBLISH